# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIE C. COLEY, | No. CV 13-5520-DSF (PLA) |
|     Petitioner, | |
| v. | **ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |
| AMY MILLER, Warden (A), | |
|     Respondent. | |

Petitioner initiated this action on July 31, 2013, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court. The Petition challenges petitioner's 2002 conviction in the Los Angeles County Superior Court for failure to update his sex offender registration on an annual basis. (Petition at 2). On May 10, 2004, petitioner filed an earlier habeas petition in this Court, Case No. CV 04-3265-DSF (PLA) (the "2004 Petition"), in which petitioner challenged the same conviction. The 2004 Petition was dismissed on the merits with prejudice pursuant to the Judgment entered on July 5, 2005. (See Judgment in Case No. CV 04-3265-DSF (PLA)).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A

disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2004 federal habeas challenge, petitioner raised four claims challenging his 2002 conviction: (1) there was insufficient evidence to support his conviction for failing to update his registration as a sex offender; (2) the trial court erred in denying his motion to strike two of his prior felony convictions; (3) imposition of a sentence of twenty-five years to life for failing to register as a sex offender constitutes cruel and unusual punishment; and (4) the trial court erroneously instructed the jury with CALJIC No. 17.41.1. (See Case No. CV 04-3265-DSF (PLA), Report and Recommendation at 5). As mentioned above, the action was dismissed on the merits with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on July 5, 2005). Petitioner's subsequent request for a certificate of appealability was denied by this Court on August 11, 2005.

1  In the instant Petition, petitioner again challenges his 2002 conviction, and asserts the following grounds for relief: (1) his sentence of twenty-five years to life under California's Three Strikes Law constitutes cruel and unusual punishment, and (2) the imposition of a sentence of twenty-five years to life "for intentionally failing to register upon petitioner[']s arrival in Palmdale violated petitioner[']s right to jury." (See Petition at 5).

As set forth above, a habeas petition is successive if it raises claims that *could have been* adjudicated on their merits in the prior petition. McNabb, 576 F.3d at 1029. Here, even if both of the claims in the instant Petition were different from those in the 2004 Petition (and it appears that at least one claim is identical), these claims -- which relate to his sentence -- could have been raised in his 2004 Petition. Accordingly, given that the 2004 Petition was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

In any event, even if it were found that either or both of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not presented any documentation showing that he has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second

/
/
/
/
/
/
/

or successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant Petition must be dismissed without prejudice. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

DATED: 8/5/13

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

4